**In re GRAND JURY PROCEEDINGS The BANK OF NOVA SCOTIA.**

**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**The BANK OF NOVA SCOTIA, Defendant-Appellant.**

**No. 83–5708.**

United States Court of Appeals, Eleventh Circuit.

Dec. 28, 1983.

Griffin B. Bell, King & Spalding, Charles H. Kirbo, James A. Pardo, Jr., Atlanta, Ga., Danforth Newcomb, Shearman & Sterling, Henry Harfield, New York City, William E.

Sadowski, Miami, Fla., for defendant-appellant.

Herschel E. Sparks, Jr., Sage, Gray, Todd & Sims, Miami, Fla., Robert W. Brundige, Jr., New York City, for amicus curiae The Canadian Bankers Ass'n.

Stanley Marcus, U.S. Atty., Thomas A. Blair, Linda Collins Hertz, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Andreas F. Lowenfeld, New York City, for the Government of Canada.

Parker D. Thomson, Thomson, Zeder, Bohrer, Werth, Adorno & Razook, Cloyce L. Mangas, Jr., Miami, Fla., for amicus curiae The Cayman Islands, United Kingdom and Northern Ireland.

Before FAY and ANDERSON, Circuit Judges, and BOYLE *, District Judge.

PER CURIAM:

This appeal involves a grand jury subpoena issued by the United States District Court for the Southern District of Florida and served upon the Bank of Nova Scotia at its Miami, Florida agency on March 4, 1983. The subpoena required the production of bank records located in the Bank's branches in Nassau, Bahamas, Georgetown, Grand Cayman Islands, and Antigua, Lesser Antilles. The bank was ordered to comply with the subpoena and found in contempt for failure to do so. Thus this appeal.

While this matter has been pending in our court it appears much has transpired. We are advised by counsel that all of the records have been produced. This is disputed by the government. We have been advised that the appropriate governmental officials of the Cayman Islands have removed any restrictions or obstacles otherwise presented by the banking laws of those islands. We have been told that the Grand Court of the Cayman Islands has vacated its earlier restrictive orders issued in this matter.

As a result of briefing and oral argument, it has come to our attention that there exist a Single Convention on Narcotics Drugs signed by both the United States and the Cayman Islands and letter agreements between officials of the same governments that may control the conduct of the parties involved but that such were not brought to the attention of the trial court. The bank suggests that it was unaware of these documents while the U.S. Attorney suggests his conduct was in compliance with a request by the government of the Cayman Islands.

The bank presents an argument suggesting it has purged itself of any contempt but concedes that issue has never been directed to the trial judge. This court has raised the question of mootness with conflicting responses by the parties and amicus.

During the short pendency of this appeal, the court has received briefs from various amici including the Cayman Islands, Canada, the United Kingdom of Great Britain and Northern Ireland and the Canadian Bankers' Association. None of these entities presented their views to the district court.

As pointed out by our court *In re Grand Jury Proceedings, United States v. Bank of Nova Scotia,* 691 F.2d 1384 (11th Cir.1982) at page 1389, the enforcement of such subpoenas requires the balancing of many factors including the national interests of the countries involved. Restatement (Second) of Foreign Relations Law of the United States § 40 (1965) adopted in *In re Grand Jury Proceedings, United States v. Field,* 532 F.2d 404 (5th Cir.1976), *cert. denied,* 429 U.S. 940, 97 S.Ct. 354, 50 L.Ed.2d 309 (1976). The district court attempted to do this but we are concerned that much relevant information was either not available or deliberately withheld or both.

* Honorable Edward J. Boyle, Sr., U.S. District Court Judge for the Eastern District of Louisiana, sitting by designation.

In sum, under the peculiar situation that exists, we are remanding this matter for further proceedings. Should amici before us desire to intervene, appropriate petitions should be filed immediately in the district court. Should the bank desire to present additional evidence concerning its efforts to comply with the subpoena, a hearing should be scheduled. All interested entities are urged to render full assistance to the district court. We request that such action be taken within sixty days and that the district court advise us of its findings and conclusions within seventy days of this order.

We retain jurisdiction of this matter and will dispose of the issues presented after the district court holds such proceedings as are necessary and consistent with this order.