**In re GRAND JURY INVESTIGATION, John DOE.**

**No. MISC H–84–242.**

United States District Court,
S.D. Texas,
Houston Division.

Dec. 13, 1984.

Patrick Molloy, Asst. U.S. Atty., Houston, Tex., David H. Beitz, Tax Div., Dept. of Justice, Washington, D.C., for petitioner.

Scott D. Michel, Chaplin & Drysdale, Washington, D.C., for respondent.

## AMENDED ORDER

CARL O. BUE, Jr., District Judge.

Pending before the Court is the Government's Motion to Compel John Doe to Consent to Disclosure of Records by the Barclays Bank International, the Bank of Nova Scotia, and the Bank of Bermuda. Specifically, the government wants this Court to enter an order commanding respondent to execute consent forms which would allow the foreign banks to supply the government with bank records, and consequently circumvent the foreign government's secrecy laws.

After careful consideration of the relevant law, the memoranda and supplemental materials of the parties, and the facts and

circumstances, this Court is of the opinion that the government's motion should be denied for the reasons discussed below.[1]

On November 16, 1983, respondent was commanded to appear before the grand jury and produce records of foreign bank accounts. Specifically included in the subpoenas were records from the three foreign banks which the government now seeks this Court's assistance in obtaining through a compelled consent from respondent. Respondent produced some of the records described in the subpoenas, and testified that no further documents were in his possession or control. When questioned about the possible existence or location of additional documents, respondent invoked his fifth amendment privilege. As a result, the government filed this motion.

■ Respondent first asserts that this Court lacks jurisdiction to compel him to execute the consents because no controversy exists between the grand jury and respondent. In other words, respondent has complied with the subpoenas by turning over all records in his possession or control. However, this Court determines that jurisdiction exists since respondent failed to provide all documents commanded in the subpoena *duces tecum*, and instead invoked his fifth amendment privilege as to those documents he failed to produce.[2]

Respondent next asserts[3] that signing the consent would violate his fifth amendment privilege in that it would compel him to perform a testimonial act within the meaning of *United States v. Doe*, —— U.S. ——, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984). The government argues that the consents are analogous to a compelled handwriting exemplar, which was approved by the Supreme Court in *Gilbert v. California*, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). Moreover, the government asserts that an order compelling respondent to sign the consent forms would merely remove an obstacle to the production of bank records placed there by the respondent.

■ Before asserting the fifth amendment privilege in response to a subpoena *duces tecum*, three elements must be present. These elements are (1) compulsion, (2) testimonial communication, and (3) incrimination by such communication. *United States v. Authement*, 607 F.2d 1129, 1131 (5th Cir.1979) (per curiam). The issue before the Court, therefore, is whether signing the proposed consent forms would be a testimonial communication which may incriminate respondent.

■ Whether a testimonial communication exists must be determined by the facts of each case. *Fisher v. United States*, 425 U.S. 391, 410–411, 96 S.Ct. 1569, 1580–1581, 48 L.Ed.2d 39 (1976). Moreover, if the act of producing supplies a necessary link in the government's evidentiary chain, the burden of establishing that the act is a

1. Although this Court will not compel execution of the consent forms, other courts have ordered compelled execution of consents to disclosure in order to circumvent the foreign bank secrecy laws. *See United States v. Ghidoni*, 732 F.2d 814 (11th Cir.1984).

2. Additionally, a controversy exists between the foreign banks and the grand jury. The United States branches of the foreign banks refused to comply with recently served subpoena *duces tecum* which commanded the production of respondent's foreign bank records, claiming that production of any records would violate the foreign government's bank secrecy laws. Therefore, the consent also would be required in this controversy.

3. Moreover, respondent contends that his fifth amendment privilege would be violated in that

he would be required to testify by affirming the statement in the proposed consent forms that he [John Doe] consented to disclosure of certain records. In other words, the consent would be a sworn misstatement since respondent did not consent to disclosure. This argument is without merit. *See United States v. Ghidoni*, 732 F.2d at 818, n. 7 (11th Cir.1984). However, this Court realizes that, had John Doe been compelled to sign the consent forms propounded by the government, several textual changes would have been required.

Moreover, as a side issue, in light of the recent Cayman Islands court decision, Judgment of July 24, 1984, Grand Court of the Cayman Islands Holden at Georgetown, Grand Cayman, had this Court required respondent to execute the consent forms, there is a strong indication that the Cayman banks would not comply. (See Exhibit "A" for copy of the foreign opinion).

compelled testimonial communication may be satisfied. In other words, "does it confirm that which was previously unknown to the government?" *United States v. Schlansky*, 709 F.2d 1079, 1084 (6th Cir. 1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1591, 80 L.Ed.2d 123 (1984). The test utilized in *United States v. Fox*, 721 F.2d 32, 38 (2nd Cir.1983), was whether the compulsion of production would add to the "sum total of the Government's information."

 Although the government has provided this Court with some evidence of foreign bank accounts, this Court concludes that by compelling respondent to sign the all-encompassing proposed consent forms,[4] existence of the accounts would necessarily be admitted.[5] Moreover, any records delivered pursuant to the forms would be records of respondent's accounts or accounts he controlled, and would be an admission that respondent exercised signatory authority over such accounts.[6] In other words, the compelled consent may enable the government to obtain records which may add to its [the government's] information.

Moreover, John Doe has not been indicted. While the government appears to have some evidence which has been tendered for this Court's review, the government apparently does not have enough evidence to obtain an indictment. The government admits that the grand jury is currently investigating respondent and others for various statutory violations. However, this Court maintains that by compelling respondent to execute the proposed consent forms, John Doe may be providing the government with the incriminating link necessary to obtain an indictment. This is "precisely [the] sort of fishing expedition that the fifth amendment was designed to prevent." *United States v. Fox*, 721 F.2d at 38.[7]

Accordingly, the government's motion is denied.

It is so ORDERED.

---

**4.** One of the proposed consent forms is reproduced below:

I, [John Doe], consent to production of the following records by the Barclays Bank International, Ltd. to the United States District Court for the Southern District of Texas:

The following documents or records for each savings, checking, or other financial account (including trust accounts) maintained by Barclays Bank International, Ltd., at any of its main or branch offices in the Cayman Islands for [John Doe] since January 1, 1979:

  1. Signature cards

  2. Powers of attorney

  3. Trust agreements and related documents

  4. Complete ledger statements for each account from January 1, 1979 through the present

  5. All checks drawn on each account from January 1, 1979 through the present in amounts exceeding $1,000 (U.S. or Cayman Islands)

  6. All deposit tickets plus the items deposited with each deposit ticket from January 1, 1979 through the present in amounts exceeding $1,000 (U.S. or Cayman Islands)

  7. Cashier's checks or other bank checks in amounts exceeding $1,000 (U.S. or Cayman Islands) purchased with money from any of those accounts from January 1, 1979 through the present

  8. Debit items for those accounts in amounts exceeding $1,000 (U.S. or Cayman Islands) from January 1, 1979 through the present.

**5.** *Contra United States v. Ghidoni*, 732 F.2d at 817, n. 4. This Court has determined that the proposed forms in this case contain incriminating testimony in the contents.

**6.** In a subsequent proceeding, the government could argue that since respondent exercised authority over the accounts listed, he must have guilty knowledge of the contents. A witness cannot be compelled to perform a testimonial act that would entail admission of knowledge of the contents of potentially incriminating documents. *In re Grand Jury Subpoenas Duces Tecum, dated June 13, 1983, and June 22, 1983,* 722 F.2d 981, 987 (2nd Cir.1983).

**7.** If, however, the government requires the foreign bank records, case law has afforded another possible remedy. *See In re Grand Jury Proceedings, The Bank of Nova Scotia,* 722 F.2d 657 (11th Cir.1983), *after remand,* 740 F.2d 817 (11th Cir.1984).