**In re GRAND JURY PROCEEDINGS, Richard THIER.**

**Appeal of Richard THIER, Witness, Appellant.**

**No. 85–4407.**

United States Court of Appeals, Fifth Circuit.

July 30, 1985.

DATE: _____

_____
JUAN ANTONIO CID–MOLINA

_____
JUAN CID

John F. Evans, Coral Gables, Fla., for appellant.

Judith Lombardino, Asst. U.S. Atty., Shreveport, La., for the United States.

Before RUBIN and REAVLEY, Circuit Judges, and POLOZOLA *, District Judge.

REAVLEY, Circuit Judge:

Richard Thier appeals the district court's enforcement of a grand jury subpoena, by which he is required to sign a consent to the production of bank records wherever he may have an account. We affirm.

■ Thier first claims that the signing of the consent would have testimonial significance and cannot therefore be compelled because of the Fifth Amendment. The consent form which Thier is directed to sign is virtually identical to that set forth in the opinion of this date in *United States v. Juan Antonio Cid-Molina*, 767 F.2d 1131 (5th Cir.1985). As in that case, we reject the Fifth Amendment claim.

■ Thier also contends that he has just cause to refuse to comply with the subpoena because it was the illegal fruit of prior violations of his Fifth Amendment rights and his right to exclude illegal electronic surveillance evidence from the grand jury. That argument claims error of prior decisions of the district courts of the Southern District of Florida and the Western District of Louisiana, holding that production of different records could be compelled, deciding that the 1981 court ordered "Alliotto" wiretap in Florida was valid, and deciding that there is no relationship between the Florida or Louisiana grand jury investigations and the "Alliotto" wiretap. The records to which he refers have been produced by him after the courts of Louisiana and Florida, and the Eleventh Circuit, have overruled his objections. He insists that the courts were not entitled to decide the lack of connection of the Florida wiretap with later grand jury investigations without first requiring the government to conduct a full search for all surveillance. This appears to be an invitation to play the "game of hare and hounds" over and over again. *See United States v. Rylander* 460 U.S. 752, 103 S.Ct. 1548, 1555, 75 L.Ed.2d 521 (1983), *quoting United States v. Bryan*, 339 U.S. 323, 331, 70 S.Ct. 724, 730, 94 L.Ed.2d 884 (1950). We need not reopen the game. *See United States v. Stevens*, 510 F.2d 1101, 1107 (5th Cir.1975). We do not foreclose, of course, a motion to suppress evidence illegally obtained or tainted by the prior investigations, if Thier were to be indicted.

AFFIRMED.

---

* District Judge of the Middle District of Louisiana, sitting by designation.