767 F.2d 1131
 19 Fed. R. Evid. Serv. 1201
 In re UNITED STATES GRAND JURY PROCEEDINGS, WESTERN DISTRICT
OF LOUISIANA, Juan A. CID, Witness.
UNITED STATES of America, Plaintiff,
v.
Juan Antonio CID-MOLINA, a/k/a Juan Cid, et al., Defendants,
Juan A. CID, Appellant.
 No. 85-4271.
 United States Court of Appeals,
Fifth Circuit.
 July 30, 1985.
 
 Douglas L. Williams, Miami, Fla., C. Michael Hill, Lafayette, La., for appellant.
 Judith Lombardino, Asst. U.S. Atty., Lafayette, La., for the United States.
 Appeal from the United States District Court for the Western District of Louisiana.
 Before RUBIN and REAVLEY, Circuit Judges, and POLOZOLA*, District Judge.
 REAVLEY, Circuit Judge:
 
 
 1
 Juan A. Cid appeals the district court's denial of his motion to quash a grand jury subpoena and the court's order that Cid comply with the subpoena by executing a consent, directed to "any bank or trust company at which I have a bank account," for the production of bank records. His principal objection is that the compulsion offends his Fifth Amendment privilege. We affirm.
 
 
 2
 Conceding that the bank records themselves would not be protected, Cid contends that the signing of this consent has testimonial consequences, in that "he would be confirming (through the medium of the intervention of the Court) that he had (1) created an account or accounts revealed by the 'Consent Directive' (2) at an off-shore bank, otherwise 'safe' from scrutiny by the Government of the United States, and (3) had engaged in whatever transactions the records of those accounts reflected." We disagree, because we see no disclosure, no admission and no inculpatory effect in the general language of this consent.[1]
 
 
 3
 We follow the lead here of the Eleventh Circuit in United States v. Ghidoni, 732 F.2d 814 (11th Cir.), cert. denied, --- U.S. ----, 105 S.Ct. 328, 83 L.Ed.2d 264 (1984) and the Second Circuit in United States v. Davis, 767 F.2d 1025 (2d Cir. 1985). The same consent form was at issue in Ghidoni, and we agree with that court's reasoning, which needs no repetition or enlargement.
 
 
 4
 Cid also complains that the subpoena is an abuse of the grand jury process because its purpose is solely or principally to prepare the government for trial in two pending cases. The only support for this contention is the existence of two prior indictments, one in the same district charging controlled substance offenses and the other in the Southern District of Florida charging tax offenses. The United States Attorney advises that the current grand jury is investigating Cid for his possible role in a continuing criminal enterprise and additional violations. The grand jury need not stop its investigation of an accused following an indictment. United States v. Ruppel, 666 F.2d 261, 268 (5th Cir.1982). Cid makes no showing of abuse to overcome the presumption of regularity. See Beverly v. United States, 468 F.2d 732, 743 (5th Cir.1972). The United States is not obliged to make a preliminary showing of the proper use of process in a grand jury proceeding. In Re Grand Jury Investigation, 565 F.2d 318, 320 (5th Cir.1977).
 
 
 5
 Cid contends that compelling him to sign the consent is a seizure of his person in violation of the Fourth Amendment. That argument was not made to the district court and need not be considered here, but we see no merit to it. See United States v. Dionisio, 410 U.S. 1, 93 S.Ct. 764, 35 L.Ed.2d 67 (1972) (appearance before grand jury and compelled production of voice exemplar held not to be seizure within the meaning of the Fourth Amendment).
 
 
 6
 AFFIRMED.
 
 
 
 *
 District Judge of the Middle District of Louisiana, sitting by designation
 
 
 [1]
 The full text of the consent follows:
 Consent Directive
 I, Juan Antonio Cid-Molina or Juan Cid, of the State of Florida in the United States of America, do hereby direct any bank or trust company at which I have a bank account of any kind or at which a corporation has a bank account of any kind upon which I am authorized to draw, specifically including the Bank of Nova Scotia and The Bank of Nova Scotia Trust Company (Cayman) Limited, and its officers, employees and agents, to disclose all information and deliver copies of all documents of every nature in your possession or control which relate to the said bank accounts to any attorney of the United States Department of Justice, and to give evidence relevant thereto, pursuant to an investigation being conducted by the Grand Jury for the Western District of Louisiana in Lafayette, Louisiana, and this shall be irrevocable authority for doing so. This direction has been executed pursuant to that certain order of the United States District Court for the Western District of Louisiana in the aforesaid case, dated ________. This direction is intended to apply to the Confidential Relationships (Preservation) Law of the Cayman Islands, and shall be construed as consent with respect thereto as the same shall apply to any of the bank accounts for which I may be a relevant principal.
 DATE: __________
 JUAN ANTONIO CID-MOLINA
 JUAN CID