**UNITED STATES of America**

v.

**Clifford E. BROWNE and Helen L. Browne, Defendants.**

**No. 83–CR–72.**

United States District Court, N.D. New York.

Dec. 3, 1985.

Frederick J. Scullin, Jr., U.S. Atty. (Craig A. Benedict, Asst. U.S. Atty., Syracuse, N.Y., of counsel), for U.S.

Baker & Baker (William Baker, North Syracuse, N.Y., of counsel), for defendant Clifford Browne.

Edward F. Gerber, Christine Cassalia, Syracuse, N.Y., for defendant Helen Browne.

### MEMORANDUM—DECISION AND ORDER

MUNSON, Chief Judge.

█ Before the court is the Government's motion to compel defendant Helen Browne to execute a release to allow the Government to obtain records from foreign banks of accounts allegedly under her control.[1] Clifford and Helen Browne were indicted for failing to disclose the existence of foreign bank accounts. The Government states that it has attempted to obtain records of these accounts without defendants' assistance but has been unsuccessful in obtaining any bank records from Switzerland and partially unsuccessful in its efforts to obtain documents from Canada.

█ Defendant asserts in oppostion to the Government's motion that a court order compelling her to sign the "consent" form authorizing the release of bank records to the Government would violate her constitutional rights under the fourth, fifth, sixth and thirteenth amendments.[2]

█ Bank records per se are not constitutionally protected from disclosure to the Government. *United States v. Miller*, 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976); *California Bankers Ass'n v. Shultz*, 416 U.S. 21, 52–55, 94 S.Ct. 1494, 1512–14, 39 L.Ed.2d 812 (1974). An individual has no fourth amendment privacy rights in one's own bank records, *Miller*, 425 U.S. at 442–43, 96 S.Ct. at 1623–24, nor do United States citizens acquire these rights under foreign bank secrecy laws as a shield from criminal investigations by the United States Government. *United States v. Payner*, 447 U.S. 727, 732 n. 4, 100 S.Ct. 2439, 2444 n. 4, 65 L.Ed.2d 468 (1980); *United States v. Ghidoni*, 732 F.2d 814, 817 n. 5 (11th Cir.), *cert. denied*, —— U.S.

---

1. The government moved to compel both defendants to sign the releases. Clifford Browne has since died. Mr. Browne has made arguments in opposition to the government's motion which were not made by Mrs. Browne. Because both defendants were similarly situated with respect to this motion, the arguments made by each will be deemed to have been made by both. Therefore the arguments advanced by Mr. Browne will be treated as having been made by Mrs. Browne in ruling on the government's motion.

The release to be signed by Mrs. Browne would permit the government to obtain bank records of only those accounts over which Mrs. Browne had control either jointly or individually. It could not operate to release records of accounts over which the deceased Mr. Browne

had exclusive control. A copy of the release which the government seeks to compel Mrs. Browne to sign appears as an appendix to this decision. The release sought from Mr. Browne is identical.

2. Clifford Browne's argument that a court order compelling him to execute the release sought by the Government would constitute a violation of the thirteenth amendment's protection against involuntary servitude is summarily rejected. There is no foundation for such an argument. A court has the power to order a person to take some action which the court determines they are legally obligated to take without treading on such a person's rights under the thirteenth amendment.

———, 105 S.Ct. 328, 83 L.Ed.2d 264 (1984). While there is no fourth amendment violation in the Government's obtaining records of bank accounts held by the Brownes,[3] defendant's release authorizing the disclosure of defendants' bank accounts may have communicative aspects of its own which the fifth amendment would prohibit, *see United States v. Doe,* 465 U.S. 605, 104 S.Ct. 1237, 1242, 79 L.Ed.2d 552 (1984); *Fisher v. United States,* 425 U.S. 391, 410, 96 S.Ct. 1569, 1580, 48 L.Ed.2d 39 (1976); *United States v. Davis,* 767 F.2d 1025, 1040 (2d Cir.1985). The fifth amendment would be violated if the defendant were *"compelled* to make a *testimonial* communication that is *incriminating." Fisher,* 425 U.S. at 408, 96 S.Ct. at 1579, *quoted in Ghidoni,* 732 F.2d at 816 (emphasis added). All three factors must be present in the "consent" form which the Government has requested the defendant to sign in order to find that defendant's fifth amendment rights would be violated by this court's ordering her to sign the form. *See Ghidoni,* 732 F.2d at 816–17 (court decides consent form was not testimonial in nature therefore obviating the necessity of court's determining element of incrimination).

Obviously, if the court orders the defendant to sign the "consent" form after she has refused to do so voluntarily, the element of compulsion is met. *See Ghidoni,* 732 F.2d at 816.

■ The consent form would be deemed testimonial if the defendant, by signing the form, was thereby attesting to the bank records' existence, authenticity, or defendant's control over the records. *See, Doe,* 104 S.Ct. at 1242 (quoting *Fisher,* 425 U.S. at 410, 96 S.Ct. at 1580). The consent form presented by the Government is broadly worded and does not state that any accounts in the name of defendant exist.

Therefore, if the banks produce records of accounts held in the name of defendant, the Government has not relied upon the "truth-telling" of the defendant's signed release to demonstrate the existence of these records. *See Fisher,* 425 U.S. at 411, 96 S.Ct. at 1581, *cited in Ghidoni,* 732 F.2d at 818. *Cf. In re Grand Jury Investigation, Doe,* 599 F.Supp. 746, 748 & n. 5 (S.D.Tex. 1984) (court denies Government's request for order directing person appearing before grand jury to sign consent form similarly authorizing release of foreign bank account records; court determines that because of content of proposed consent form, individual's signing consent form would amount to attestation of existence of the bank accounts). The release presented by the Government in this case does not contain an admission or any other statement that defendant exercises control over any of the accounts for which the Government will request the bank records. As in *Ghidoni* the release permits the banks to make their own determination of whether defendant exercises control over any accounts in the particular bank. *Id.*

The last element of the testimonial factor is whether the release amounts to defendant's attesting to the authenticity of any bank records to be produced. As in *Fisher* and *Ghidoni,* only the banks can authenticate their own records; this situation is unlike those cases in which the individuals are required to produce records which they have maintained themselves. *See Doe,* 104 S.Ct. at 1242, 1246–47; *United States v. Fox,* 721 F.2d 32, 36–38 (2d Cir.1983). Because the release is not testimonial defendant may not properly invoke the fifth amendment to refuse to sign the consent form presented by the Government.

**3.** Defendant seeks to interject into her fourth amendment argument a balancing by the court of the interest of foreign governments in upholding their banking secrecy laws against the interest of the United States in enforcing its criminal laws. *See United States v. Davis,* 767 F.2d 1025, 1033–36 (2d Cir.1985). However, such an inquiry is not necessary at this stage of the proceedings before a formal request or sub-

poena is issued to the banks along with the signed releases. Additionally, this argument is more appropriately raised by the foreign banks which are subject to the secrecy laws, *id.* at 1033; it is not an appropriate basis for defendant's refusing to sign the release form. Again, defendants do not enjoy the protections of foreign banking secrecy laws in a criminal proceeding in a United States court.

Whether defendant's signing the release is incriminating is a more troubling question. It could be said that the release is incriminating in that "it furnishes a link in the chain leading to the procurement of documents that the government intends to use to secure [defendants'] conviction" at trial. *Ghidoni*, 732 F.2d 819, 821 (Clark, J., dissenting). Stated differently, the release allowing the banks to produce bank records of defendant's accounts may compel defendant to "add to the 'sum total of the Government's information.'" *Fox*, 721 F.2d at 38. However, there is no support for defendant's argument that a waiver of rights under foreign bank secrecy laws constitutes the incrimination element of the fifth amendment's protection. While a waiver by Mrs. Browne of her rights will lead to the production of records which the Government intends to use to obtain her conviction, this is not self incrimination. A determination of incrimination is confined to whether the communication compelled to be made by the individual is itself incriminating or testimonial. *See Davis*, 767 F.2d at 1039; *Doe*, 104 S.Ct. at 1242 (act of production of one's own documents which may be used against one in criminal prosecution may have testimonial aspects and an incriminating effect). Here the consent would merely operate to "remove an obstacle" to the production of foreign bank records which obstacle is created by foreign law. *United States v. Quigg*, Crim. No. 80–41–1, slip op. at 5 (D.Vt. Jan. 5, 1981). Since defendant does not acquire any rights under foreign bank secrecy laws which are cognizable in United States courts, *Payner*, 447 U.S. at 732 n. 4, 100 S.Ct. at 2444 n. 4, defendant may not invoke the fifth amendment to refuse to waive these "rights" by signing the proposed consent form. This court concludes that there is nothing in the release itself which incriminates defendant; therefore, requiring defendant to sign the proposed consent form does not violate defendants' fifth amendment rights.

Defendant argues that the Government's motion should be denied because a request for all of defendant's bank records sweeps too broadly where the defendant was not indicted for tax fraud but only failure to report the existence of foreign bank accounts in excess of $1,000. Accordingly, defendant argues that the Government should be limited to seeking only the information which would directly prove defendant's violation of this criminal law: that the Government should be limited to asking the banks from which it seeks records whether defendant had control over any accounts in excess of $1,000 in any one calendar year. Because defendant's bank records are not constitutionally privileged there is no basis for this court's limiting the Government's request for defendant's records. Whether all of the bank records or information contained therein is admissible to prove the crimes charged is a separate question which must abide the Government's attempt to introduce these records into evidence at trial. *See e.g., United States v. Figueroa*, 618 F.2d 934, 939 (2d Cir.1980).

The Government's request for an order directing Mrs. Browne to sign the release presents no sixth amendment impediments at this time. The Confrontation Clause of the sixth amendment may prevent the admission into evidence of bank records at trial if the records do not "bear sufficient indicia of reliability to assure an adequate basis for evaluating the truth of the [records]." *Davis*, 767 F.2d at 1032. Until the records are produced, the authenticity of the records maintained by the banks cannot be challenged.

In conclusion, the Government is entitled to an order of the court directing the defendant to sign the broadly-worded consent form authorizing the release of records of her foreign bank accounts if they exist. No fourth amendment right protects against disclosure of foreign bank accounts held by United States citizens. The release presented by the Government is neither testimonial nor incriminating and therefore defendant is not entitled to refuse to sign the form on fifth amendment grounds. No sixth amendment right is yet implicated

where the defendant may still have the opportunity to challenge the authenticity of the records.

It is hereby ordered that Helen Browne execute the release in the form presented by the Government with this motion authorizing The Bank of Nova Scotia, The Bank of Montreal, and the Foreign Commerce Bank of Zurich (Switzerland) to produce their records of accounts maintained by the defendant in this action.

IT IS SO ORDERED.

## APPENDIX

### AUTHORIZATION FOR RELEASE OF BANK RECORDS

I, HELEN L. BROWNE, of the State of New York in the United States of America, do hereby authorize and direct any bank or trust company at which I have or have had a bank account of any kind, or at which a corporation has or has had a bank account of any kind upon which I am or have been authorized to draw, specifically including, but not limited to, The Bank of Nova Scotia, The Bank of Montreal, and The Foreign Commerce Bank of Zurich (Switzerland) and its officers, employees and agents, to disclose all information and deliver copies of all documents of every nature in your possession and control which relate to the said bank accounts with a notorized certificate attesting to their authenticity to any attorney of the United States Department of Justice, for use in the case of the *United States of America v. Helen L. Browne,* 83–CR–72, now pending in the United States District Court for the Northern District of New York, and this shall be irrevocable authority for so doing. This release is intended to apply to any and all bank confidentiality laws, and shall be construed as consent with respect thereto as the same shall apply to any of the bank accounts for which I may be or have been a relevant principal, signatory or beneficiary.

HELEN L. BROWNE

Sworn to before me this _____ day of October, 1985.

Notary Public