**UNITED STATES of America, et al., Petitioners,**

**v.**

**Samuel J. PEDRO, Respondent.**

**Civ. A. No. C 86–0968–L(A).**

United States District Court,
W.D. Kentucky,
Louisville Division.

April 6, 1987.
On Motion to Reconsider May 26, 1987.

---

Suzanne M. Warner, Asst. U.S. Atty., Louisville, Ky., for petitioners.

Frank E. Haddad, Jr., Louisville, Ky., for respondent.

## MEMORANDUM OPINION AND JUDGMENT

ALLEN, Senior District Judge.

The Internal Revenue Service (I.R.S.) and the Department of Justice filed a Petition to Enforce an I.R.S. summons seeking to compel Respondent Samuel J. Pedro to sign Consent Directives to allow "any bank or trust company" to supply the I.R.S. with bank records not otherwise obtainable. Respondent opposes this petition on the ground that to require him to sign the Consent Directives would violate his fifth amendment privilege against self-incrimination.

The fifth amendment, which provides individuals with a privilege against self-incrimination, is violated when one "is compelled to make a testimonial communication that is incriminatory." *Fisher v. United States,* 425 U.S. 391, 408, 96 S.Ct. 1569, 1579, 48 L.Ed.2d 39 (1976). In order to invoke the fifth amendment privilege, the accused must establish that to compel him to sign the consent directive would involve (1) compulsion, (2) testimonial communication, and (3) incrimination by such communication. *See United States v. Authe-*

*ment,* 607 F.2d 1129, 1131 (5th Cir.1979). The principal question, however, is whether there are testimonial aspects to the act of production. *United States v. Schlansky,* 709 F.2d 1079, 1084 (6th Cir.1983).

The Court notes that Respondent has not asserted that the contents of the bank records are protected under the fifth amendment as it is well established that bank records are not protected from disclosure by any constitutional privilege. *United States v. Miller,* 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976). Respondent, however, asserts that compelling him to sign the consent directives is compelling him to testify that the bank records exist, are authentic, and that he controlled them and that such would be an evidentiary link assisting the government in meeting its burden of proof.

In *Schlansky* the Court held that the answer to the question of whether the compelled production involves testimonial communication "depends on whether the very act of production supplies a necessary link in the evidentiary chain. Does it confirm that which was previously unknown to the government; e.g., the existence or location of the materials?" 709 F.2d at 1084. The decision in *Schlansky,* thus, clearly suggests that if the existence or location of the materials is unknown and compelled production confirms the existence or location of the material in issue, then the art of production may invoke testimonial communication.

In the instant case there would be a testimonial ingredient in the act of compelling Respondent to sign the consent directives because compulsion of the proposed consent directives would "confirm that which was previously unknown to the government", i.e., both the existence and location of materials and thus supply a necessary link in the evidentiary chain.

Although three circuit courts of appeal have reasoned in similar cases that to compel a suspect to sign a consent directive does not involve the element of testimonial communication, *In Re Grand Jury Investigation, Western District of Louisiana (Juan A. Cid),* 767 F.2d 1131 (5th Cir.1985);

*United States v. Davis,* 767 F.2d 1025, 1039–40 (2d Cir.1985); *United States v. Ghidoni,* 732 F.2d 814 (11th Cir.1984), under the rationale of the Sixth Circuit's opinion in *Schlansky,* ordering respondent to sign the consent directive would violate his fifth amendment privilege. Further, the consent directives in *Cid* and *Ghidon* were limited to named banks and the consent directive in *Davis* provided that it could not be used as an admission to authenticate records.

Furthermore, in *In re Grand Jury Investigation, Doe,* 599 F.Supp. 746 (S.D.Tex. 1984), the Court, in a similar situation, declined to compel the respondent to sign consent forms. The court reasoned that

by compelling respondent to sign the all-encompassing proposed consent forms, existence of the accounts would necessarily be admitted. Moreover, any records delivered pursuant to the forms would be records of respondent's account or accounts he controlled, and would be an admission that respondent exercised signatory authority over such accounts. In other words, the compelled consent may enable the government to obtain records which may add to its [the government's] information.

*Id.* at 748 (footnotes omitted).

In the present case, the consent directives are not limited to named banks and the government has effectively admitted that it does not know whether respondent, in fact, had foreign bank accounts. In the latter regard, Special Agent Omer B. Collins has merely declared that "evidence was developed which strongly indicates that Samuel J. Pedro had foreign bank accounts...." Thus, in view of the fact that compulsion of the proposed consent directives would supply a necessary link in the evidentiary chain by confirming the existence or location of materials previously unknown to the government, the Court will decline to grant the government's petition to enforce the Internal Revenue Service summons.

The Court is impressed with the Honorable Carl O. Bue Jr.'s decision in *Doe.* In the instant case, as in *Doe,* the Respondent

has not been indicted as the government apparently does not have enough evidence to obtain an indictment and compelling Respondent to execute the proposed consent forms could provide the government with the incriminating link necessary to obtain an indictment. As Judge Bue stated: "This is 'precisely [the] sort of fishing expedition that the fifth amendment was designed to prevent.'" Id. (quoting *United States v. Fox,* 721 F.2d 32, 38 (2d Cir. 1983)).

Accordingly,

IT IS ORDERED that the United States's petition to enforce the Internal Revenue Service summons be, and it hereby is, denied and the Respondent shall not be compelled to sign the consent directives proposed by the United States.

This is a final and appealable order and there is no just cause for delay.

## ON MOTION TO RECONSIDER

This action is before the Court on Petitioners', United States of America, et al., motion for the Court to reconsider its Memorandum Opinion and Judgment entered April 6, 1987, and order the Respondent to sign a modified Consent Directive.

The Court, however, upon reconsideration of its previous opinion and order, concludes that forcing Respondent to sign such a directive would violate Respondent's fifth amendment right to be free from compelled testimonial self-incrimination. The signed form could provide a crucial link in the government's proof. *See United States v. Schlansky,* 709 F.2d 1079 (6th Cir.1983). The government needs Respondent's signature for what it could disclose and Respondent would, thus, be testifying within the meaning of the fifth amendment.

Although the Second, Fifth, and Eleventh Circuits have concluded that consent directives such as Petitioners seek here do not compel testimonial communications, the Court of Appeals for the First Circuit and the United States District Court for the District of Columbia have disagreed. See *In re Grand Jury Proceedings (Ranauro),*

**50**

814 F.2d 791 (1st Cir.1987); *Senate Select Committee v. Secord*, —— F.Supp. ——, 41 CRIM.L.REP (BNA) 2102 (D.D.C. April 16, 1987).

Accordingly,

IT IS ORDERED that the Court's Memorandum Opinion and Judgment entered in this action on April 6, 1987, be, and it hereby is, sustained.

This is a final and appealable order and there is no just cause for delay.